2008R01039/VGOM/AM/PWG/ms
PAUL J. FISHMAN
United States Attorney
By: ANTHONY MOSCATO
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Telephone: (973) 645-2700
Anthony.Moscato@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Katharine S. Hayden, U.S.D.J. |
| v. | : | |
| | | Crim. No. 16-26 |
| PAUL MIL, | : | |
| | | **NOTICE OF FORFEITURE** |
| Defendant. | : | |
| | | <u>Electronically Filed</u> |

NOTICE IS HEREBY GIVEN that on July 22, 2016, in the above-captioned case, the United States District Court for the District of New Jersey entered a Preliminary Order of Forfeiture (Final as to the Defendant) forfeiting the following property to the United States of America:

**REAL PROPERTY**

1. 30 West 63rd St. Apt. 16J, New York, New York;

2. 430 Morris Ave., Elizabeth, New Jersey;

3. 534 Ashwood Rd., Springfield, New Jersey;

4. 44 Golf Oval, Springfield, New Jersey;

5. 9 Pearl St. Unit 1B, Beach Haven, New Jersey; and

**PERSONAL PROPERTY**

1. $281,350.39 in United States currency previously contained in a Sovereign Bank Free Business Checking Plus Account # xxxxx2678, held by: c/o: Paul Mil—People Choice Home Care, Inc.;

2. $28,356.14 in United States currency previously contained in Sovereign Bank—Business Checking Account # xxxxx3016, held by: People Choice Home Care;

3. $32,998.23 in United States currency previously contained in Sovereign Bank—Business Money Market Account #xxxxxx5838, held by: People Choice Home Care;

4. $23,968.37 in United States currency previously contained in Sovereign Bank—Free Business Checking Account #xxxxx3015, held by: I & P Business Mgt:;

5. $41,816.12 in United States currency previously contained in Sovereign Bank—Free Business Checking Account xxxxx3198, held by: P & I Enterprise;

6. $46,700.49 in United States currency previously contained in Sovereign Bank—Premier Checking Account #xxxxxx3260, held by: Paul Mil & Felix Mil;

7. $312,551.00 in United States Currency Previously Contained In Sovereign Bank—Premier Money Market Account #xxxxx8830, held by: Paul Mil & Felix Mil;

8. $107,858.89, plus interest accrued in United States Currency previously contained in Wells Fargo Bank—Crown Classic Banking Account #xxxxxxxx2564, held by: Paul Mil & Bella Mil (deceased);

9. $139,529.81 in United States currency previously contained in Attorney Trust Account of Belkin Burden Wenig & Goldman;

10. $33,093.04 in United States currency previously contained in Sovereign Bank Account Number: xxxxx1709, held by: Edens Flow, Inc.;

11. $5,472.01 in United States currency previously contained in Sovereign Bank Account Number xxxxx4598, held by: PIJ One, LLC;

12. $858,787.24 in United States currency previously contained in a Sovereign Bank Account (Bank Time Deposit CD) Number XXXXXXX5865, held by: Felix Mil and Paul Mil;

13. $24,600.00 in United States currency;

14. 560 Euros currently valued at approximately $600.85;

15. $4,900.00 from 49 American Express $100.00 gift cards; and

16. $2,236.50 in United States Currency.

YOU ARE HEREBY NOTIFIED that the United States intends to dispose of this property as provided by law.

Any person, other than the defendant, claiming a legal right, title, or interest in any of the property described above must petition the United States District Court for the District of New Jersey for a hearing to adjudicate the validity of the petitioner's alleged legal interest in this property.

<u>If direct notice of the forfeiture is provided</u>, the petition must be filed with the United States District Court for the District of New Jersey no later than 35 days from the date of mailing of direct notice.  If <u>no</u> direct notice is provided, the petition must be filed with the United States District Court for the District of New Jersey within 60 days from the first day of publication of notice on the government internet site www.forfeiture.gov, pursuant to 21 U.S.C. § 853(n)(2),[1] Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and

---

[1] The procedures governing criminal forfeitures set forth in 21 U.S.C. § 853 (except for 21 U.S.C. § 853(d)) are incorporated by reference in this case,

Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  If a hearing is requested, it shall be held before the Court alone, without a jury.

Pursuant to 21 U.S.C. § 853(n)(3), the petition must be signed by the petitioner under penalty of perjury; shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property; the time and circumstances of the petitioner's acquisition of the right, title or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

Pursuant to 21 U.S.C. § 853(n)(2), neither the defendant in the above-styled case nor his or her agent is entitled to file a petition.

The petition shall be filed with the Clerk of the Court, United States District Court, District of New Jersey, Martin Luther King Federal Building and U.S. Courthouse, 50 Walnut Street, Room 4105, Newark, New Jersey 07102, with a copy sent to the Assistant United States Attorney indicated on the top of page 1 of this Notice, United States Attorney's Office, District of New Jersey, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Pursuant to 21 U.S.C. § 853(n)(4), any hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within 30 days of filing of the petition.  The court may consolidate the hearing

---

pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. § 982(b)(1), and/or 18 U.S.C. § 2253(b).

on the petition with any other hearings requested on any other petitions filed by any other person other than the defendant named above.

Pursuant to 21 U.S.C. § 853(n)(5), at the hearing, you have the right to testify and present evidence and witnesses on your own behalf and cross-examine witnesses who appear at the hearing.  The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing.  In addition to testimony and evidence presented at the hearing, the Court shall consider the relevant portions of the record of the criminal case which resulted in the entry of the Preliminary Order of Forfeiture.

Pursuant to 21 U.S.C. § 853(n)(6), if, after the hearing, the Court determines that the petitioner has established by a preponderance of the evidence that:  (a) the petitioner has a legal right, title or interest in the property, and such right, title or interest renders the Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (b) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture; the Court shall amend the Preliminary Order of Forfeiture in accordance with its determination.

**IF YOU FAIL TO FILE A PETITION** to assert any right, title or interest you may have in the above-described property within the time period set forth on page 3 of this Notice, any right, title or interest you may have had in the property described in this Notice shall be lost and forfeited to the United States.  Following the disposition of any other petitions that may be filed, the United States then shall have clear title to the property herein described and may warrant good title to any subsequent purchaser or transferee.

DATED this 13ʰ day of October, 2016.

>PAUL J. FISHMAN
>United States Attorney
>
>
>s/ *Anthony Moscato*
>By:  ANTHONY MOSCATO
>Assistant United States Attorney